**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**CHARLES D. AUSTIN**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7810**<br>**MDD_CDAChambers@mdd.uscourts.gov** |

May 3, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Michelle L. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1014-CDA

Dear Counsel:

On April 14, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 10) and the parties' briefs (ECFs 13, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on April 10, 2017, alleging a disability onset of December 3, 2015. Tr. 276–77. The claim was denied initially and on reconsideration. Tr. 171–81, 183–89. On May 14, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 55–115. On May 28, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 34–54. The Appeals Council declined to review the ALJ's decision. Tr. 1–6.

After Plaintiff petitioned this Court for review, the Court remanded Plaintiff's case to the SSA with the consent of both parties. Tr. 945. On remand, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ. Tr. 946–51. On July 19, 2022, a second hearing was held, Tr. 886–917, and, on December 13, 2022, a supplemental hearing was held, Tr. 862–85. On January 12, 2023, the ALJ denied Plaintiff's claim a second time. Tr. 830–61. Because no

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 14, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Michelle L. v. O'Malley*
Civil No. 23-1014-CDA
May 3, 2024
Page 2

exceptions were filed and because the Appeals Council did not assume jurisdiction over Plaintiff's case, the January 12, 2023 decision was the SSA's final decision for purposes of judicial review. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity from the alleged onset of her disability until the date on which she was last insured.  Tr. 837.  At step two, the ALJ found that Plaintiff suffered from severe obesity and severe lumbar/cervical spine degenerative disc disease.  *Id*.  The ALJ also determined that Plaintiff suffered from non-severe asthma, migraines, hypertension, diabetes mellitus, hypothyroidism, affective disorder, and anxiety disorder.  Tr. 838.  At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" through the date on which she was last insured.  Tr. 840.  Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant needed to shift positions between sitting and standing every thirty minutes without having to leave the work station or abandon tasks. She could occasionally climb ramps and stairs, occasionally stoop, crouch, kneel, and crawl; and she could never climb ladders, ropes, or scaffolds. She could balance on even surfaces, but she should have avoided walking, standing, and crouching upon very narrow, slippery, or erratically moving surfaces. She could occasionally push and pull and use foot controls with the lower extremities. She could frequently reach with the upper extremities. She could tolerate occasional exposure to extreme hot, extreme cold, wetness, humidity, vibration, and respiratory irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. She must have avoided all exposure to unprotected heights and moving mechanical parts, and she could not have operated a motor vehicle.

Tr. 844.  With respect to the relevant period, the ALJ found that Plaintiff could not perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 850.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 852.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV. ANALYSIS

Plaintiff argues that the ALJ's RFC assessment lacks the support of substantial evidence because: (1) the ALJ improperly assessed opinion evidence; (2) the ALJ did not consider Plaintiff's affective disorder and anxiety; and (3) the record does not support a finding that Plaintiff can "perform sedentary work with a sit/stand option." ECF 13, at 5. Plaintiff also contends that the ALJ improperly assessed her subjective complaints. *Id.* Defendant counters that substantial evidence supported the ALJ's evaluation of subjective statements, medical opinions, and mental impairments, as well their assessment of a sit/stand provision in the RFC. ECF 15, at 7–23.

Plaintiff's argument regarding subjective complaints is dispositive of this matter insofar as Plaintiff contends that the ALJ improperly assessed "limitations in [Plaintiff's] activities of daily living." ECF 13, at 29. The Fourth Circuit has articulated several principles that govern an ALJ's assessment of daily activities. For example, an ALJ "may not consider the *type* of activities a claimant can perform without also considering the *extent* to which [they] can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original). Also, because an "inability to sustain full-time work due to pain and other symptoms is often consistent with [an] ability to carry out daily activities," an ALJ must explain how a claimant's "particular activities" demonstrate the capacity to "persist through an eight-hour workday." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 100–01 (4th Cir. 2020); *see also* Social Security Ruling 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("RFC [concerns the] ability to do sustained work-related physical and mental activities in a work setting [for] 8 hours a day, for 5 days a week, or an equivalent work schedule."). Lastly, an ALJ may not dismiss subjective complaints solely because the claimant can perform the most basic of daily activities. *See, e.g.*, *Higginbotham v. Califano*, 617 F.2d 1058, 1060 (4th Cir. 1980) (finding that an ALJ improperly determined that a claimant could "do sedentary work by relying on the fact that she, at her own pace and in her own manner, can do her housework and shopping").

Here, the ALJ noted Plaintiff's ability to "drive," "help care for her family," perform "household chores," "grocery shop independently," and "attend school events for her children." Tr. 843, 845, 849. The ALJ determined that Plaintiff's "statements about the intensity, persistence,

and limiting effects of her symptoms" were "inconsistent with . . . her activities of daily living." Tr. 845. The ALJ further determined that Plaintiff's activities "lend support to the . . . RFC." *Id.*

This analysis constitutes error. As an initial matter, the Court has remanded where, as here, an ALJ fails to explain how driving and shopping—both of which require a mere "modicum" of physical exertion—demonstrate a physical capacity for full-time work. *James L. v. Kijakazi*, No. BAH-23-1137, 2023 WL 5804621, at *4 (D. Md. Sept. 6, 2023). Moreover, the ALJ did not explain how Plaintiff's housework, care for her family, and participation in school events demonstrate the ability to "persist through an eight-hour workday." *Arakas*, 983 F.3d at 100. This "critical error" warrants remand for further explanation. *Id.*

Additionally, the ALJ failed to consider "the extent" to which Plaintiff can perform her activities. *Woods*, 888 F.3d at 694 (italics omitted). For instance, Plaintiff testified in May 2019 that she utilized "help" and required physical rest every ten to twenty-five minutes in order to perform household chores. Tr. 80, 84. While the ALJ need not have accepted these qualifying statements at face value, the ALJ was, nonetheless, required to evaluate them. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) (holding that an ALJ erred by "disregard[ing]" a claimant's "qualification of his activity levels" and explaining that an ALJ "may not select and discuss only that evidence that favors his ultimate conclusion"). Because the ALJ failed to consider Plaintiff's qualifying statements, their decision lacks "an accurate and logical bridge" from the evidence to the decision's conclusions. *Arakas*, 983 F.3d at 100.

Because the ALJ's decision lacks the support of substantial evidence, the Court will remand Plaintiff's case so that the ALJ can explain whether the type and extent of the activities that Plaintiff can perform suggest an ability to "engage in full-time work on a sustained basis." *Id.* at 101. In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct. Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. The ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly.

### V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge